UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CONSERVATION CONGRESS and
KLAMATH FOREST ALLIANCE,

        NO. CIV. S-11-2605 LKK/EFB

    Plaintiffs,

  v.

UNITED STATES FOREST
SERVICE,

    Defendant,                      O R D E R

    and

SIERRA PACIFIC INDUSTRIES,

      Proposed Defendant
      Intervenor.

                              /

    On June 19, 2012, this court denied Plaintiff's motion for a preliminary injunction. Order, ECF No. 53. On June 21, 2012, Plaintiff filed a notice of appeal of this court's order denying the preliminary injunction. Notice of Interlocutory Appeal, ECF No. 54. Pending before the court is Plaintiff's motion for an

injunction pending appeal.  Pl's Mot., ECF No. 57.

## I. STANDARD FOR AN INJUNCTION PENDING APPEAL

Injunctions pending appeal are governed by Fed. R. Civ. P. 62(c), which provides that: "While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction in terms for bond or other terms that secure the opposing party's rights."

Under Rule 62(c), the factors regulating the issuance of the injunction or stay are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Humane Society of U.S. v. Gutierrez, 527 F.3d 788, 789-90 (9th Cir. 2008).  The Ninth Circuit has recognized that the issues of likelihood of success on the merits and irreparable injury represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  Humane Society of U.S., 527 F.3d at 790 (citing Golden Gate Restaurant Ass'n v. City and County of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008)).

Rule 62(c) creates an exception to the principle that the filing of a notice of appeal confers jurisdiction on the

appellate court and divests the district court of jurisdiction over the matters at issue on appeal.  "This Rule grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'"  Natural Res. Def. Council, Inc. v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (internal citations omitted); see also Small ex. rel. NLRB v. Operative Plasterers' & Cement Masons' Int'l Ass'n Local 200, AFL-CIO, 611 F.3d 483, 495 (9th Cir. 2010).  Thus, any action taken pursuant to Rule 62(c) "may not materially alter the status of the case on appeal"--that is, the court can only issue an injunction pending appeal that preserves the status quo.  Natural Res. Def. Council, Inc., 242 F.3d at 1166.

## II. ANALYSIS

As provided in this court's June 19, 2012 order denying Plaintiff's motion for a preliminary injunction, this court has determined that Plaintiff has failed to establish a probability of success, or "fair chance of success," on the merits of its claim that the Federal Defendants violated the ESA consultation requirements.  See Order, ECF No. 53, at 30-31; see also Sports Form, Inc. v. United Press Intern., Inc., 686 F.2d 750, 753 (9th Cir. 1982) ("The 'irreducible minimum' . . . is that the moving party demonstrate 'a fair chance of success on the merits' . . . . 'No chance of success at all . . . will not suffice.'") (internal citations omitted).  Because the court finds that

Plaintiff fails to show a fair chance of success on the merits, the court also finds that Plaintiff fails to meet the requirements for a Rule 62(c) injunction pending appeal.

However, the court grants Plaintiff a limited injunction of twenty-one (21) days to seek an injunction pending appeal from the Ninth Circuit, pursuant to Federal Rule of Appellate Procedure 8(a)(2). During the pendency of this limited injunction, Defendants are enjoined from logging in critical habitat.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an injunction pending appeal is DENIED. Plaintiff is, however, GRANTED a limited injunction of twenty-one (21) days from the date of issuance of this order to seek an injunction pending appeal from the Ninth Circuit, pursuant to Federal Rule of Appellate Procedure 8(a)(2).

IT IS SO ORDERED.

DATED: July 31, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT